**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| BMO Harris Bank, N.A., a national banking association,<br><br>Plaintiff,<br><br>vs.<br><br>D.R.C. Investments, L.L.C., an Arizona limited liability company; Longo Custom Homes, LLC, an Arizona limited liability company; Russell J. Longo and Patricia Longo, husband and wife,<br><br>Defendants. | No. CV-13-1692-PHX-LOA<br><br>**ORDER** |

      This action arises on Plaintiff BMO Harris Bank's ("Bank") Motion for Alternative Service, pursuant to Rules 4(h)(1)(A) and (e)(1), Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and Rule 4.1(k), Arizona Rules of Civil Procedure ("Ariz.R.Civ.P.").[1] (Doc. 7)  The Bank requests an order authorizing alternative service of the Summons, Complaint, and this Order by (1) First Class U.S. mail, and (2) affixing a copy of each of these documents to the front door of the residence of Russell and Patricia Longo ("Longos") located on Trapanotto Road in Phoenix due to the Longos' apparent refusal to answer the door of their residence in an effort to avoid service of process. (*Id*. at 1)  To date, no Defendant has appeared in this action.

---

      [1] The Court notes that, by using all capital letters for party names, the Motion's caption violates LRCiv.7.1(a)(3) ("[P]arty names must be capitalized using proper upper and lower case type.") and bolding of the District Court's name is not authorized.

## I. Jurisdiction

Congress has empowered federal district courts to adjudicate civil actions between "citizens of different States" where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction purposes, national banks "shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"). The Bank predicates subject-matter jurisdiction on 28 U.S.C. § 1332(a)(1) based upon complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as the Bank is a citizen of Illinois where its main office is located and Defendants are citizens and residents of Arizona where they are domiciled. (Doc. 1, ¶¶ 1-7) Limited liability companies, unlike corporations, are analogized to partnerships, take the citizenship of every general and limited partner. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[E]very circuit that has addressed the question treats [LLCs] like partnerships for the purposes of diversity jurisdiction.") (citations omitted)

"[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (citation omitted); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

## II. Background

This breach-of-contract action was instituted by the Bank, successor-by-merger to M&I Bank, on August 16, 2013, against the Longos and two limited liability companies, D.R.C. Investments, L.L.C. ("DRC") and Longo Custom Homes, LLC ("LCH") controlled by Russell Longo, as a result of the Defendants' alleged collective default on certain mortgage and promissory notes, secured by a deed of trust, assignment of rents and security agreement, and personally guaranteed by the Longos. (Doc. 1, ¶¶ 10-13) The Complaint alleges that, as of August 14, 2013, the total indebtedness that DRC, LCH, and the Longos owe the Bank under the various notes and guaranties exceeds $1,500,000, excluding pre-

1  judgment interest, attorneys fees, costs, and litigation expenses. (*Id.*, ¶¶ 10, 17, 27, 31, 50)

2  According to the Bank, and independently confirmed by the Court, the Arizona Corporation Commission's public records indicate that DRC's statutory agent is Bernard M. Rethore, and both its domestic and statutory agent's address is 20325 N. 51st Avenue, Building 10, Suite 176, Glendale, Arizona 85308. (Doc. 7 at 1) The Corporation Commission's public records also reflect that LCH's statutory agent is Russell James Longo, and both its domestic and statutory agent's address is 20325 N. 51st Avenue, Building 10, Suite 176, Glendale, Arizona 85308. The same public records identify Russell Longo as DRC's and LCH's sole member. (*Id.* at 1-2)

The Bank provides the Court with credible information from different sources that, prior to June 4, 2013, the Longos resided at 1207 E. Magellan Drive, in New River, Arizona, and, according to certified copies of Arizona's Motor Vehicle Division records and Lorie Anderson, who lives in the Longos' former New River residence, the Longos currently reside at 3017 W. Trapanotto Road, Phoenix, Arizona. (Doc. 7-1, Exhibits ("Exh.") A at 2-3 and B at 13)

The Bank claims its "[e]fforts to secure service upon Defendants have proven impracticable, and it is likely that Defendants are evading service." (Doc. 7 at 2) (citing Exh. B) "Attempts to serve DRC and LCH at their listed addresses were unsuccessful as the listed address is currently a different unrelated new business, and is no longer the office for either DRC or LCH." (*Id.*) An attempt to serve the Longos at their former New River residence was unsuccessful because when service was attempted, the process server discovered the Longos had moved when that residence was sold to Lorie Anderson and Wade Anderson. (*Id.*) Lorie Anderson, one of the current owners of the New River residence, provided the Bank's process server with the Longos' new Phoenix address as 3017 W. Trapanotto Road. (*Id.*) The Bank informs the Court it has attempted personal service upon all Defendants on five (5) separate occasions at varying times of the day and night. (*Id.*) (citing Exh. B) At every service attempt at the Phoenix residence, there were two vehicles present at the Longos' residence, one was registered to Russell Longo. (*Id.*) Based on its numerous service

1 attempts, the Bank concludes that no one at the W. Trapanotto Road residence will answer
2 the door to accept service of process. (*Id.*)

3       The Bank argues that service of process by traditional means upon all Defendants has
4 proven "impracticable." (*Id.*[2]) Citing *Blair v. Burgener*, 226 Ariz. 213, 218-19, 245 P.3d
5 898, 903-04 (Az. Ct. App. 2010), the Bank represents that "it is not necessary to show 'due
6 diligence'; instead, it is only necessary to show 'that service of process through the usual
7 means would have been 'extremely difficult or inconvenient.'" (*Id.* at 2-3) The Bank claims
8 its requested method of service is "[r]easonably calculated to apprise Defendants Russell J.
9 Longo individually, and as authorized member of both DRC and LCH, and Patricia Longo
10 individually, of the pendency of this action, and to afford them an opportunity to present
11 their objections." (*Id.* at 3) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S.
12 306, 314-15 (1950)). In view of its five failed attempts, the Bank requests an order pursuant
13 to Rule 4.1(k), Ariz.R.Civ.P., via Rules 4 (h)(1)(A) and 4(e)(1), Fed.R.Civ.P., permitting
14 service of the complaint and summons by alternative means.

15 **III. Alternative Service**

16       Before a federal court may exercise personal jurisdiction over a defendant, the
17 procedural requirement of service of the summons and complaint must be satisfied. *Omni*
18 *Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on*
19 *other grounds*; *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Because service of
20 process is the means by which a trial court obtains jurisdiction over a person, "[a] person is
21 not bound by a judgment in a litigation to which he or she has not been made a party by
22 service of process." *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).
23 Rule 4, Fed.R.Civ.P., governs the service of process in federal courts. "A federal court is
24 without personal jurisdiction over a defendant unless the defendant has been served in

---

26     [2] The Bank's Motion mistakenly cites "Ariz. R. Civ. P. 4.1(m)," which currently deals
27 with service of process by publication. (Doc. 7 at 2, line 24) While it seeks an order of
28 alternative service under Rule 4.1(k), a fair reading of the Bank's Motion indicates it is not
requesting service of process by publication.

accordance with Fed.R.Civ.P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Unless extended by the district court, "[a] plaintiff must serve all defendants with a copy of the summons and complaint within 120 days of filing a complaint." *Robinson v. Heritage Elementary School*, 2009 WL 1578313, *2 (D. Ariz. June 3, 2009) (citing Rule 4(m), Fed.R.Civ.P.).

Federal Rule of Civil Procedure 4(h) addresses service of process on an individual or a legal entity, such as a corporation, partnership, or limited liability company, within or outside a judicial district of the United States. It provides that unless otherwise provided by federal law or a defendant's waiver of service under Rule 4(d) has been filed, a person or legal entity may be served in any judicial district of the United States. Rule 4(h) provides, in relevant part, as follows:

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant . . . .

Rule 4(h)(1)(A)-(B), Fed.R.Civ.P.

Federal Rule of Civil Procedure 4(e)(1) provides, in part, that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Rule 4(e)(1), Fed.R.Civ.P. Rule 4(e)(2)(C), Fed.R.Civ.P., authorizes service on a limited liability company by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Under Arizona law, when personal service has become impracticable, Rule 4.1(k), Ariz.R.Civ.P., formerly Rule 4.1(m), authorizes service by alternative means as follows:

> **Alternative or Substituted Service.** If service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves *impracticable*, then service

- 5 -

1
2
3
4
5

> may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, *the summons and the pleading to be served, as well as any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served* . . . .

6  Rule 4.1(k), Ariz.R.Civ.P. (emphasis added).

7 Arizona law does not expressly define the standard for impracticability, but in 2010,
8 the Arizona Court of Appeals in *Blair* approvingly cited the language from a New York case
9 on a similar service issue. "[T]he standard of impracticability [i]s "different from the more
10 stringent one of 'due diligence'. . . That is, to meet the standard on impracticability does not
11 require satisfying due diligence, or even showing that actual prior attempts to serve a party
12 under each and every method provided in the statute have been undertaken[.]" 226 Ariz. at
13 218, 245 P.3d at 903 (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 486, 632 N.Y.S.2d 186, 186
14 (App.Div.1995)). Applying this standard of impracticability, the New York court concluded
15 that three attempts at service on three different days constituted sufficient efforts to warrant
16 alternative means of service. Adopting the same standard, the *Blair* court found that Blair's
17 efforts at service without success met the definition of impracticability justifying alternative
18 service. Blair's process server attempted service at both defendants' place of business and
19 the individual defendant's residence on five different days at various times. In addition to
20 these physical attempts, the process server attempted to ascertain over an additional seven
21 days whether the individual defendant was present in the office so that service could be
22 made. Each time he was told this defendant was not in the office. These facts and
23 circumstances, the Arizona court concluded, "demonstrate that service of process through
24 the usual means would have been 'extremely difficult or inconvenient[]'" and was
25 impractical which justified the trial court's authorization of alternative service under Arizona
26 law. Because the trial court did not abuse its discretion in permitting alternative service by
27 the means employed, it had jurisdiction over the defendants. The *Blair* court affirmed the
28 default judgment against the defendants. 226 Ariz. at 221, 245 P.3d at 906.

## IV. Discussion

After commencing this suit, the Bank made five unsuccessful attempts to personally serve the Defendants either at the former offices of the limited liability companies or the Longos' former and current residence. The Bank has demonstrated that continued efforts to serve the Defendants by traditional means are impracticable under Rule 4.1(k), Ariz.R.Civ.P. After consideration of the Motion, the evidence presented, and in view of Defendants' apparent evasion of service of process and the futility of further attempts to personally serve the Defendants, the Court finds service of process on Defendants by traditional means is impracticable. The Court will grant the Bank's request for alternative service.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion's for Alternative Service, doc. 7, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may serve the Defendants, and each of them, by (1) First Class U.S. mail, and (2) affixing a copy of the Summons, Complaint, and the Order Authorizing Alternative Service to the front door of Russell J. Longo and Patricia Longo's residence located at 3017 W. Trapanotto Road, Phoenix, Arizona 85086.

**IT IS FURTHER ORDERED** that Plaintiff must file with the Court satisfactory evidence of mailing and that a copy of the Summons, Complaint, and this Order were mailed to, and affixed to the front door of, Defendants' last known residence located at 3017 W. Trapanotto Road, Phoenix, Arizona 85086. The provision of this evidence shall be deemed proof of sufficient evidence that Defendants, and each of them, have been appropriately served with process in this action pursuant to the applicable procedural rules and the law.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, must hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, including LRCiv.7.1(a)(3) ("[P]arty names must be capitalized using proper upper and lower case type.") (citing footnote 3 citing a sample of proper capitalization

/ / /

/ / /

in Appendix C). The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/.

Dated this 9th day of September, 2013.

Lawrence O. Anderson
United States Magistrate Judge

- 8 -