**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BMO Harris Bank NA,<br><br>                Plaintiff,<br><br>v.<br><br>D.R.C. Investments LLC, et al.,<br><br>                Defendants. | No. CV-13-01692-PHX-DGC<br><br>**ORDER** |

Pursuant to the Court's order, Plaintiff and Defendants have filed motions for partial summary judgment. Docs. 25, 27. The motions have been fully briefed. For the reasons stated below, the Court will grant partial summary judgment for Defendants.[1]

**I.   Background.**

This case involves four loans. The parties agree that Arizona's anti-deficiency statute, A.R.S. § 33-814, does not apply to Loans 1, 3, and 4. Doc. 25 at 2. The parties dispute whether the statute applies to Loan 2.

Loan 2 involves a note for $980,128.30, secured by a deed of trust on four properties in Wittman, Arizona, each with a residential home. Doc. 25 at 2; Doc. 28, ¶¶ 1-5. Defendants own the homes, have never lived in them, and rent them to residential tenants. *Id.* When Defendants defaulted on Loan 2, Plaintiff conducted trustees' sales of the properties. Doc. 25 at 2. Proceeds from the sales were not sufficient to satisfy the

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  first position deed of trust, leaving a deficiency of $241,544.16. *Id*. Plaintiffs now seek
2  to collect the deficiency under the terms of the contract between the parties, arguing that
3  A.R.S. § 33-814 does not protect Defendants from liability because Defendants never
4  occupied or intended to occupy the homes.

**II.     Analysis.**

A.R.S. § 33-814(G), the provision of the anti-deficiency statute at issue here, reads as follows:

> If trust property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling is sold pursuant to the trustee's power of sale, no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses.

Neither party disputes that the properties at issue are two and one-half acres or less. Plaintiff argues, however, that § 33-814(G) does not apply because Defendants are developers who personally had no intention of living in the homes on the properties, and Arizona case law has clarified that the statute was never meant to apply to investors like Defendants. Doc. 25 at 3-5. Defendants assert that the anti-deficiency statute applies without regard to whether a homeowner is a developer or investor, or ever intended to live in the home, so long as the home is completed and actually used as a residence. Doc. 27 at 7. Defendants argue that because the homes at issue were in fact used as homes – albeit by tenants, rather than Defendants themselves – they satisfy the terms of the statute. *Id*. at 9.

Plaintiff's argument is based on *M&I Marshall & Ilsley Bank v. Mueller*, 268 P.3d 1135 (Ariz. Ct. App. 2011). The court of appeals in *Mueller* found that owners of a single family home were entitled to the protection of the anti-deficiency statute where, even though the residence had not yet been completed, the owners intended to live there. *Mueller* distinguished *Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 804 P.2d 1310 (Ariz. 1991), where the Arizona Supreme Court held that homes

owned by a developer and not yet fully constructed were not entitled to protection under the statute. In making its argument, Plaintiff relies on language in *Mueller* that distinguishes unfinished homes on properties owned by individuals who plan to occupy the homes from unfinished homes on properties owned by developers who plan to sell the homes upon completion. Plaintiffs argue from this distinction that developers are not entitled to protection under § 33-814(G).

While the court of appeals does make this distinction in *Mueller*, it is dicta. More importantly, it is contrary to the holding in *Mid Kansas* that the identity of the mortgagor as either a homeowner or developer is irrelevant for purposes of the anti-deficiency statute so long as the subject properties fit within the statutory definition. 804 P.2d at 1316. The Arizona Supreme Court provided this clear explanation and holding with respect to the meaning of § 33-814(G):

> [A]bsent express limiting language in the statute or explicit evidence of legislative intent, we cannot hold that the statute excludes residential developers. Where the language of a statute is plain and unambiguous, courts must generally follow the text as written. While we can infer that the legislature's primary intent was to protect individual homeowners rather than commercial developers, neither the statutory text nor legislative history evinces an intent to exclude any other type of mortgagor. . . . Therefore, we hold that so long as the subject properties fit within the statutory definition, the identity of the mortgagor as either a homeowner or developer is irrelevant.

804 P.2d at 1316 (citations and footnote omitted).

In *Mueller*, the identity of the mortgagor was relevant to determine whether the home would be used as a single-family home when finished. 268 P.3d at 1137. In this case, the homes were built and occupied as single-family homes. Any uncertainty about the mortgagor's intent that existed in *Mueller* does not exist here. *Mueller* is further distinguishable because the property in that case was "[c]ommercial residential properties held by the mortgagor *for construction and eventual resale* as dwellings," and therefore

did not fall within the definition of the statute. 268 P.3d at 1137 (emphasis added). The properties at issue here were not held for resale; Defendants owned and used them as residential rental properties.

The holding of *Mid Kansas* controls. The only requirement imposed by *Mid Kansas* is that the subject property "fit within the statutory definition." 804 P.2d at 1316. That definition requires that the property be two and one-half acres or less and "limited to and utilized for either a single one-family or a single two-family dwelling." A.R.S. § 33-814(G). Because the properties that secured Loan 2 satisfy this definition, the anti-deficiency statute applies and eliminates Defendants' liability for the deficiency.

**IT IS ORDERED** that Defendant's motion for partial summary judgment (Doc. 27) is **granted** and Plaintiff's motion for partial summary judgment (Doc. 25) is **denied**. The Court will schedule a final pretrial conference by separate order.

Dated this 6th day of May, 2014.

_____
David G. Campbell
United States District Judge